United States District Court
District of Massachusetts

```
_____
                              )
BODHISATTVA SKANDHA,          )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    10-11955-NMG
GERRY SAVOIE and JOSEPH       )
MCDERMOTT,                    )
        Defendants.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiff Bodhisattva Skandha ("Skandha"), a/k/a Richard Seaver, brings this prisoner's civil rights claim, pursuant to 42 U.S.C. § 1983, for violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. Before the Court is defendants' motion for summary judgment. Skandha opposes the motion for summary judgment and moves for the Court to take a view of his cell or to allow him to submit photographs of his cell.

I. **Factual Background**

Skandha is a 69-year-old inmate at the Massachusetts Correctional Institution at Norfolk ("MCI-Norfolk"). He is currently serving a sentence of 30 years to life with the possibility of parole for second degree murder. Defendants Gerry Savoie ("Savoie") and Joseph McDermott ("McDermott") are Industrial Instructors assigned to the maintenance department at

MCI-Norfolk. Their responsibilities include maintaining and repairing the heating system.

Skandha alleges that on December 30, 2009, Savoie and McDermott, acting without a work order, entered the heating and blower facility of Unit 6-1 and turned off the heat. Skandha claims that this was an act of retaliation against him for prior complaints about the ventilation. Skandha complained to various house officers throughout the day. Eventually, a maintenance employee was summoned to examine the heating system and found that the computer-controlled command for heat on the second floor of Unit 6-1 was disabled.

That same day, Skandha filed a grievance with Corrections Officer Kimberley Kenney ("Kenney"), which was answered on January 8, 2010. Although Kenney could not provide an explanation as to why the heat went out on December 30, 2009, she insinuated that "unauthorized tampering" with the controls would produce such an effect. Skandha reported another series of heat shortages between April 10 and 16, 2010. Kenney responded that the heat had been working appropriately on the days in question.

Defendants argue that Skandha does not have access to a thermometer, and therefore cannot know or prove what the temperature was in his cell. Defendants produced computer records from the Unit 6-1 second floor thermostat for the time periods in question. According to defendants, the thermostat is

set to 70 degrees Fahrenheit (or 65 degrees at night). If the thermostat detects a temperature below that setting, a computer system automatically opens the valves to allow the emission of steam heat. Defendants' records indicate proper temperatures for the dates in question.

Plaintiff responds that those records may be accurate recordings of the temperature in the slop-sink room where the thermostat is located, but they are inaccurate recordings of the temperature in his cell. He alleges that, even if the temperature is at the proper setting in the area near the thermostat, the computer never opens the valve to allow warm air to flow into his cell.

Plaintiff also claims that defendants' violated his Fourteenth Amendment right to due process by failing to enforce Kenney's "partial approval" of his grievance.

## II. Procedural History

Skandha filed his complaint with this Court on November 5, 2010. Defendants moved for summary judgment on April 26, 2011 and Skandha responded with a motion for the Court to view his living conditions on May 11, 2011.

## III. Legal Analysis

### A. Standard of Review for Summary Judgment

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine

need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is

entitled to judgment as a matter of law.

### B. Prison Litigation Reform Act of 1995

Defendants argue that this case should be dismissed because the Prison Litigation Reform Act of 1995 ("the PLRA") prevents a prisoner from recovering damages unless he can prove that he suffered a physical injury. Pursuant to the PLRA, a prisoner may not bring a federal civil action requesting compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e). Thus, if a prisoner fails to allege physical injury, he may not recover compensatory damages. Restucci v. Clarke, 669 F. Supp. 2d 150, 159 (D. Mass. 2009). Although the First Circuit has not elaborated on what constitutes a physical injury, other courts have held that the physical injury "must be more than de minimus, but need not be significant." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)). A de minimis injury is the kind of injury that would not require

> a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury.

Jarriet v. Wilson, 162 Fed. Appx. 394, 401 (6th Cir. 2005) (quoting Luong v. Hatt, 979 F. Supp. 481, 485 (N.D. Tex. 1997)).

In this case, Skandha claims that he had surgery to correct a spinal fusion and also suffers from arthritis which he provides

-5-

medical records to corroborate.  Skandha alleges that the extreme cold in his cell aggravates those conditions.  The conditions of spinal fusion and arthritis, especially when aggravated by the cold, may well be the kinds of injuries for which a free world person would seek medical attention.  See id.  Therefore, there is a genuine issue of material fact as to whether Skandha has suffered physical injury.

Moreover, the PLRA applies to requests for compensatory damages but not requests for punitive damages and injunctive relief.  Pagan v. Clarke, No. 09-11114-RGS, 2010 WL 3522451, at *7 (D. Mass. Aug. 20, 2010).  Therefore, even if the Court were to find that Skandha's allegations of physical injury are insufficient to meet the summary judgment standard, the Court must still consider whether he is entitled to injunctive relief or punitive damages.  Id.

**C. Eighth Amendment**

**1. Qualified Immunity**

Defendants assert that they are entitled to qualified immunity and therefore should not be subjected to charges of cruel and unusual punishment.  Generally, government officials performing discretionary functions are

> shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  That standard

has been interpreted so broadly that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Hegarty v. Somerset County, 53 F.3d 1367, 1373 (1st Cir. 1995) (quoting Hunter v. Bryant, 502 U.S. 224, 228 (1991)).

The Court concludes that defendants are not shielded by qualified immunity. The law regarding whether a low cell temperature can constitute an Eighth Amendment violation is clearly established. The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. U.S. Const. Amend. VIII. When a prisoner alleges that the conditions of his confinement constitute cruel and unusual punishment, he must demonstrate that the deprivation alleged was "objectively, sufficiently serious" and that the prison official was deliberately indifferent to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

With respect to the objective component, the Constitution does not require comfortable prisons. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). It requires only that prison officials provide for inmates' basic human needs as measured by contemporary standards of decency. Id. Therefore, only a denial of "the minimal civilized measures of life's necessities" can constitute an Eighth Amendment violation. Id.

Low cell temperature may satisfy the objectively serious standard if the surrounding circumstances warrant it. Wilson v.

-7-

Seiter, 501 U.S. 294, 304 (1991) (providing an example in dicta that a low cell temperature at night, along with a failure to provide blankets, would be an objectively serious deprivation). There is no definitive First Circuit standard for when a low cell temperature constitutes an Eighth Amendment violation. Other circuits have considered factors such as the actual cell temperature, the duration of the cold and the availability of other means to ameliorate the cold. Strope v. McKune, 382 Fed. Appx. 705, 708 (10th Cir. 2010); Sampson v. Berks County Prison, 171 Fed. Appx. 382, 385 (3rd Cir. 2006).

In extreme circumstances, some courts have found that a cold cell is cruel and unusual punishment. In Mitchell v. Maynard, 80 F.3d 1433, 1441-43 (10th Cir. 1996), the United States Court of Appeals for the Tenth Circuit found an objectively serious deprivation when a prisoner was stripped of clothing and placed in a concrete cell without heat, a mattress, blankets, bedding or hot water for an extended period of time when temperatures hovered in the mid-fifties. Another court found a cold cell to be an objectively serious deprivation when a prisoner was not provided with sufficient clothing to protect him from it. Harbridge v. Pasillas, No. 10-cv-00473, 2011 WL 130157, at *13 (E.D. Cal. Jan. 14, 2011) (holding ultimately that there was no constitutional violation because the deliberate indifference component was not met).

It is, therefore, well-established law that a dangerously low cell temperature can constitute an Eighth Amendment violation under certain circumstances. See Del Raine v. Williford, 32 F.3d 1024, 1035 (7th Cir. 1994); Henderson v. DeRobertis, 940 F.2d 1055 (7th Cir. 1991) ("These pre-1982 cases describe a clearly established constitutional right of prison inmates to adequate heat. Thus, there was no question that in 1982 a reasonable prison official would have known of a prisoner's constitutional right to adequate protection from extreme cold."). Thus, defendants are not entitled to qualified immunity here.

## 2. Skandha's Eighth Amendment Claim

The Court concludes, nevertheless, that Skandha cannot prevail on his Eighth Amendment claim. Skandha alleges that the temperature in his cell was low but offers no evidence that it was dangerously cold. He provides affidavits from fellow inmates who attest that it was cold and that the heating system malfunctioned from time to time but computer recordings of the heating system for the dates in question show that the temperature in Skandha's unit was not unreasonably low. Skandha reports that he had to wear all of his clothes and his long johns in bed on the dates in question. Requiring an inmate to "bundle up" indoors is not, however, serious enough to constitute an Eighth Amendment violation. See, e.g., Dixon v. Godinez, 114 F.3d 640, 644 (7th Cir. 1997); Woods v. Morris, No. 04-1440, 2007

WL 2792154, at *16 (C.D. Ill. Sep. 18, 2007).

The facts alleged are analogous to cases in which courts have held that low cell temperatures do not constitute an Eighth Amendment violation. In Woods v. Morris, 2007 WL 2792154, at *16, for example, the court determined that a cold cell was not objectively serious because the heating system was repaired within three to five days and prisoners were not denied blankets or bedding. See also Strope, 382 Fed. Appx. at 708 (finding that a two-week period without heat was not objectively serious when prisoners had clothing and a blanket); Mauchlin v. Bier, 396 Fed. Appx. 519, 522 (10th Cir. 2010) (finding that a cell without heating did not constitute cruel and unusual punishment because the prisoner had some clothing, a blanket and hot drinks); Hernandez v. Florida Dep't Of Corr., 281 Fed. Appx. 862, 866 (11th Cir. 2008) (holding that a cold cell for two months was not objectively serious because the cell was heated a few hours each day and the prisoner wore a uniform).

Thus, even when viewing the facts in a light most favorable to the plaintiff, no reasonable jury could find that the deprivation Skandha alleges was objectively serious and in violation of his Eighth Amendment rights. Consequently, Skandha's Eighth Amendment claim will be dismissed and his motion for this Court to take a view will be denied.

**D. Fourteenth Amendment**

The Court also finds that plaintiff has failed to state any viable claim for a violation of his Fourteenth Amendment right to due process. It is unclear of what due process rights he believes he was deprived. The Inmate Grievance Appeal Form that plaintiff submitted with his complaint indicates that the heating records were reviewed by Gary Roden, the Superintendent, who found that there were no documented heating concerns or low internal temperatures on the dates in question. Roden issued no directive to defendants nor can any comments by Kenney be interpreted as directing defendants to take any specific action. Thus, plaintiff's claim that defendants failed to enforce an Internal Grievance Coordinator directive in violation of his due process rights is unsupported and will be dismissed.

**E. Assault and Battery**

Under Massachusetts law, an assault and battery is "the intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another." Commonwealth v. McCan, 178 N.E. 633, 634 (Mass. 1931). "The offensive touching may be direct, as by striking another, or it may be indirect, as by setting in motion some force or instrumentality with the intent to cause injury." Commonwealth v. Dixon, 614 N.E.2d 1027, 1029 (Mass. App. Ct. 1993). Even an

indirect battery, however, must cause the victim to be touched. Commonwealth v. Porro, 939 N.E.2d 1157, 1162 (Mass. 2010).

The Court finds that Skandha's allegations that he was subjected to uncomfortably cold temperatures in his cell do not constitute a viable claim for assault and battery because there is no allegation that Skandha was physically touched. See Norris v. Richland Corr. Inst., No. 2004-07107, 2005 WL 2709164, at *1 (Ohio Ct. Cl. Sept. 30, 2005) (ordering an inmate to stand outside for five minutes when the temperature was 19 degrees did not constitute a battery because no physical force or touching occurred). Thus, Skandha's claim for assault and battery will also be dismissed.

### F. Regulatory Violations

Finally, Skandha's claim that defendants violated 105 C.M.R. 451.330 fails because that regulation does not create a private remedy for damages. Loffredo v. Ctr. for Addictive Behaviors, 689 N.E.2d 799, 803 (Mass. 1998).

### ORDER

In accordance with the foregoing, defendants' motion for summary judgment (Docket No. 16) is **ALLOWED** and plaintiff's motion for the Court to take a view (Docket No. 20) is **DENIED. So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 18, 2011